IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| THOMAS DE SHAZO | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. H-05-3277 |
| NATIONS ENERGY COMPANY, LTD., *et al.* | ) ) ) | |
| Defendant | ) ) | |

## MEMORANDUM AND ORDER

Pending before the court is a motion to dismiss for failure to state a claim upon which relief can be granted brought by one of the defendants, Nations Energy Company, Ltd. (Nations). Doc. 8. Nations also brought a motion for sanctions. Doc. 7. The Plaintiff, Thomas De Shazo (De Shazo), responded to both motions. Doc. 10 and 11.

Nations' motion to dismiss is DENIED. Doc. 8.

Nations' motion for sanctions is DENIED. Doc. 7.

**BACKGROUND**

The dispute between De Shazo and the defendants arises from an intricate series of events, only a few of which are material to this decision.

De Shazo held an interest in Nations. He divested himself of his interest through two transactions on November 26, 1999 and on September 19, 2001. Suspicious of various transactions concerning the stock of Nations, De Shazo filed a suit in the District Court of Harris

County, Texas in June, 2003.  Nations moved to dismiss the case on the grounds of forum non conveniens.  De Shazo voluntarily dismissed his case and filed it in Alberta, Canada.  In an opinion dated July 13, 2005, the Court of Appeals of Alberta dismissed De Shazo's case.  The court held that Canada's two-year statute of limitations had expired because De Shazo possessed enough knowledge by February 2001 to commence litigation.  Motion to Dismiss (Doc. 8), Exh. B, ¶34.  The opinion did not conclusively determine how far before February 2001 De Shazo could have filed suit.

Because the Canadian court system would not offer him a remedy, De Shazo filed a complaint in this court on September 20, 2005.  Doc. 1.

Nations now asks this court to dismiss De Shazo's case both because it is barred by the doctrine of res judicata and because the Southern District of Texas is an inconvenient forum.  Doc. 9.

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

A plaintiff's case should be dismissed if the complaint states no claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A plaintiff's case survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).  Thus, "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense."  *Test Masters Educational Services, Inc. v. Singh,* 428 F.3d 559, 570. n. 9. (5th Cir. 2005) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3rd ed.2002)).

However, the Fifth Circuit has indicated that a court may decide whether res judicata bars a suit even before a formal answer raises it as an affirmative defense:

> With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss whether the decision of the District Court be considered as having been arrived at under the provisions of Rule 12(b)(6) or Rule 56(c), F.R.C.P.

*Larter & Sons v. Dinkler Hotels Co.,* 199 F.2d 854, 854 (5th Cir. 1952).

Nations argues that the decision by Alberta's court system bars De Shazo from litigating his claim here. A suit is barred by res judicata when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters,* 428 F.3d at 571 (citations omitted). Even if the legal theories or remedies sought are different, res judicata bars a claim if the causes of action arise from the same nucleus of operative facts. *Id.* In summary, "[i]f a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred." *Id.* The principle of comity instructs domestic courts to apply the doctrine of res judicata to foreign judgments because, "once the parties have had an opportunity to present their cases fully and fairly before a court of competent jurisdiction, the results of the litigation process should be final." *International Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV,* 347 F.3d 589, 593 (5th Cir. 2003) (citations omitted).

In this case, De Shazo contests the third element of the res judicata defense, arguing that a claim dismissed as time-barred is not a claim, "concluded by a final judgment on the merits." It was not. When a United States District Court dismissed a case because California's statute of limitations had expired and described the dismissal as "on the merits," a unanimous

Supreme Court held that the plaintiff could maintain the same suit in Maryland because a case barred by the statute of limitations in one state is not barred in another state whose statute of limitations is longer. *Semtek Intern. Inc. v. Lockheed Martin Corp.,* 531 U.S. 497 (2001). By asking this court to defer to Alberta's decision to deny De Shazo a remedy, Nations would have this court grant a foreign court more deference than it would grant a decision from a court sitting in a sister state. However, it has not identified any authority even suggesting that a judgment entered by a court sitting in a foreign country should receive more deference than a judgment entered by the court sitting in a sister state. The Court of Appeals of Alberta dismissed De Shazo's claim because Canada prefers to devote its judicial resources to more recent claims.[1] Therefore, the result of *Semtek* permits this court to disregard the dismissal by the Court of Appeals of Albert and permit De Shazo to maintain his claim.

**FORUM NON CONVENIENS**

To dismiss a case on the grounds of "forum non conveniens," another forum must be available. *Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824, 835 (5th Cir. 1993). As Nations argues, "a foreign forum is adequate when the parties will not be deprived of all remedies." *Id.* However, Alberta's Court of Appeals already ruled that its courts cannot provide De Shazo with any remedy for his claims. Motion to Dismiss (Doc. 8), Exh. B, 25. Appellate decisions often describe how district courts have required defendants seeking to dismiss a claim on the grounds of forum non conveniens to waive any applicable statute of limitations in the alternative forum. See, e.g., *Great Prize, S.A. v. Mariner Shipping Pty., Ltd.,* 967 F.2d 157, 159 (5th Cir. 1992); *Hotvedt v. Schlumberger Ltd. (N.V.),* 942 F.2d 294, 295 (5th Cir. 1991); and *In re Air Crash*

---

[1] The Court of Appeals of Alberta included a statement in its opinion that De Shazo appears to have released his right to sue some of the defendants. Motion to Dismiss (Doc. 8), Exh. B, ¶35. However, the statement was not necessary to the court's holding and is, therefore, dicta.

4

*Disaster Near New Orleans, La. on July 9, 1982,* 821 F.2d 1147, 1152 (5th Cir. 1987).  Nations never offered to waive the Canadian statute of limitations to make that forum available.  Instead, it invoked the statute of limitations to avoid litigating the merits of De Shazo's case.  Because Canada does not provide a forum in which De Shazo may litigate his claims against Nations, this court declines to dismiss De Shazo's claim on the grounds of forum non conveniens.

**MOTION FOR SANCTIONS**

Nations asks the court to sanction De Shazo, but does not identify any particular rule establishing the criteria for inflicting sanctions.  Instead, it describes De Shazo's lawsuit as "simply the next stage of a litigious scheme to disrupt the business operations of Nations Energy and harass its management team, forcing Nations Energy to expend substantial resources and attorney's fees to answer and defend this meritless lawsuit for a third time."  Motion for Sanctions, (Doc. 7) at 2.  Nothing in the court's file suggests that this characterization accurately represents DeShazo's behavior.

Accordingly, it his hereby ORDERED:

(1) The motion to dismiss for failure to state a claim upon which relief can be granted brought by the Defendant, Nations Energy Company, Ltd., is DENIED (Doc. 8).

(2) The motion for sanctions brought by the Defendant, Nations Energy Company, Ltd., is DENIED (Doc. 7).

SIGNED at Houston, Texas, this 25th day of September 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE